

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES, | |
|---|---|
| Plaintiff, | CV 13-12-BLG |
| vs. | FINDINGS OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT AND ORDER OF FORFEITURE AS TO THREE FIREARMS AND AMMUNITION |
| THREE FIREARMS CONSISTING OF JIMENEZ ARMS, MODEL J.A. 380, .380 CAL PISTOL; HIPOINT, MODEL C9, 9MM PISTOL; IBERIA FIREARMS, MODEL JCP40, .40 CAL PISTOL; AND AMMUNITION, | |
| Defendants. | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Default Judgment and Order of Forfeiture as to the remaining Three Firearms and Ammunition pursuant to Fed. R. Civ. P. 55(b)(2). (Dkt. #16). Upon considering the pleadings filed herein, the Court makes the following Findings of Fact and Conclusions of Law.

1

## FINDINGS OF FACT

1. On January 25, 2013, the United States filed a Verified Complaint for Forfeiture *in Rem* against the defendant ammunition and four firearms. (Dkt. #1).

2. On February 11, 2013, the United States provided "direct notice" of this forfeiture action to Troy Cozzens, Trudy Mary Kay Cozzens Premo, Timothy J. Davis, Jackie Carreno, and Josh Carreno. (Dkt. #5). Pursuant to the notice the known, potential claimants were to file a verified claim on or before March 18, 2013, within 35 days from the date the notice and verified complaint were sent to them. (Dkt. #5, paras. 3-4). An answer was to be filed within 21 days after filing the verified claim. (*Id.* at para. 5).

3. Direct notice was provided by sending via first-class U.S. mail and certified mail copies of the Notice of Civil Judicial Forfeiture and Verified Complaint *in Rem* to Troy Cozzens, Trudy Mary Kay Cozzens Premo, and Timothy J. Davis at their home address (Dkt. #5), which is the address from where the defendant property was seized (Dkt. #1, para. 6), and their last known address and last address that was provided to the ATF. *See* Supplemental Rule G(4)(b)(iii)(E). On February 13, 2013, Troy Cozzens signed for the certified mailing addressed to him (Dkt. #13, Ex. A); he also signed for the certified mailings addressed to his wife, Trudy Mary Kay Cozzens Premo, and to his step-

son, Timothy J. Davis (Dkt. #8, Ex. A). The first-class mailings sent to Trudy Mary Kay Cozzens Premo and Timothy J. Davis were not returned by the U.S. Postal Service to the sender; therefore, the United States presumes the mailings were delivered. (Dkt. #8, para. 5).

4. Direct notice was provided by sending via first-class U.S. mail and certified mail copies of the Notice of Civil Judicial Forfeiture and Verified Complaint *in Rem* to Josh Carreno and Jackie Carreno. (Dkt. #5). The certified mailings addressed to Josh Carreno and Jackie Carreno were unclaimed, and the U.S. Postal Service returned the certified mailings addressed to the Carrenos to the U.S. Attorney's Office on March 4, 2013. (Dkt. #8, Exs. D-E). However, the mailings sent to Josh Carreno and Jackie Carreno via first-class U.S. mail were not returned to the sender by the U.S. Postal Service. (Dkt. #8, para. 6; *id.*, Exs. F-G).

5. Notice of this forfeiture action was also provided to unknown, potential claimants by publishing on the government's asset forfeiture web site the Notice of Forfeiture Action for 30 consecutive days, beginning on March 8, 2013, and ending on April 6, 2013. The "Notice of Forfeiture Action" provides in part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (March 8, 2013) of this Notice on this official

3

government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

6. On February 19, 2013, ATF Special Agent James A. Huskey executed the Warrant of Arrest *in Rem* issued by this Court on February 8, 2013 (Dkt. #4), and arrested the defendant firearms and ammunition. (Dkt. #6, Declaration of Service of Warrant of Arrest *in Rem)*.

7. Troy Cozzens, Wayne Premo, and the Bureau of Alcohol, Tobacco, Firearms and Explosives entered into an Agreement for the release of one firearm, the High Standard, Model Sentinel, .22 caliber revolver to Wayne Premo. *See* Dkt. #13-1). The terms of the Agreement include, but are not limited to, Premo's acknowledgment that the firearm may not be released, delivered, returned or transferred to Timothy Jacob Davis, or to any person residing with Timothy Jacob Davis, or any other person who has been convicted of a Federal or State felony. (Dkt. #13-1 at 1).

8. The United States filed motions for entry of defaults and the Clerk of District Court entered defaults against Trudy Mary Kay Cozzens Premo, Jackie Carreno, Josh Carreno, and Timothy J. Davis on March 22, 2013 (Dkt. #9), and against Troy Cozzens and any unknown, potential claimants on September 23,

4

2013 (Dkt. #16). The United States mailed copies of its motion for entry of default and supporting declaration to Trudy Mary Kay Cozzens Premo, Jackie Carreno, Josh Carreno, Timothy J. Davis, and Troy Cozzens. (*See* Dkt. #7, #8, #13 and #14, certificates of service).

9. As of this date no claims, answers, or motions have been filed in this forfeiture action by any person or entity.

10. Upon motion of the United States (Dkt. #17), the Court entered an Order on September 27, 2013, dismissing the forfeiture claims against the High Standard, Model Sentinel, .22 Cal. Revolver as fully compromised and settled on the merits; approving the release of the revolver pursuant to the terms contained in the Agreement on Return of Firearm filed under document no. 13-1; and dismissing the High Standard, Model Sentinel, .22 Cal. Revolver as a defendant from this forfeiture action. (Dkt. #18).

11. The Verified Complaint *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial, to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant property described in the verified complaint. The facts contained in the verified complaint support the institution of these forfeiture proceedings for a knowing and willful violation of 18 U.S.C. §

922(g)(1).

Based upon the foregoing findings of fact, the Court makes the following conclusions of law.

**CONCLUSIONS OF LAW**

1. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture *in Rem* to forfeit the defendant property under 18 U.S.C. § 924(d)(1).

2. Based on the facts set forth in the Verified Complaint *in Rem*, the defendant property, consisting of the remaining three firearms and ammunition, was involved in violations of 18 U.S.C. § 922(g)(1), which prohibits the possession of a firearm and ammunition by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

3. Pursuant to 28 U.S.C. §§ 1355(b)(1)(A) and 1395(b) or (c), venue is proper in this district because this is a civil proceeding to forfeit property found in this district.

4. Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

6

5. In accordance with 18 U.S.C. § 924(d)(1), the ammunition and three firearms, Jimenez Arms, Model J.A. 380, .380 Cal. Pistol, SN 143109, Hipoint, Model C9, 9mm Pistol, SN P1439687 and Iberia Firearms, Model JCP40, .40 Cal Pistol, SN X753940, are subject to forfeiture as property involved in violations of 18 U.S.C. '922(g)(1).

6. Notice of this action was properly provided in accordance with Supplemental Rule G(4)(b). Notice by publication was further provided as set forth in Supplemental Rule G(4)(a)(iv)(C).

7. Pursuant to Fed. R. Civ. P. 55(b)(2), the United States is entitled to a judgment of default and forfeiture against the defendant ammunition and three of the defendant firearms, Jimenez Arms, Model J.A. 380, .380 Cal. Pistol, SN 143109, Hipoint, Model C9, 9mm Pistol, SN P1439687 and Iberia Firearms, Model JCP40, .40 Cal Pistol, SN X753940, and against any claims to them.

Based upon the foregoing findings of fact and conclusions of law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The United States is granted a default judgment against the defendant ammunition and three defendant firearms, Jimenez Arms, Model J.A. 380, .380 Cal. Pistol, SN 143109, Hipoint, Model C9, 9mm Pistol, SN P1439687 and Iberia Firearms, Model JCP40, .40 Cal Pistol, SN X753940.

2. The defendant ammunition and three defendant firearms, Jimenez Arms, Model J.A. 380, .380 Cal. Pistol, SN 143109, Hipoint, Model C9, 9mm Pistol, SN P1439687 and Iberia Firearms, Model JCP40, .40 Cal Pistol, SN X753940, are hereby forfeited to the United States and shall be disposed of in accordance with law.

DATED this 1st day of October, 2013.

Sam E. Haddon
United States District Judge